# CASES IN CHANCERY.

## Coit v. Horn and Trenchard.

The court of chancery has jurisdiction to restrain an illegal distress, and will award a perpetual injunction on payment of the rent due to the lessor; in a case where such rent has been tendered before any distress warrant issued; and the demised premises are underlet to numerous tenants, whose possession will be disturbed, and their goods subjected to a levy, by such wrongful distress.

    April 12 ; April 18, 1843.

On the third of March, 1825, Horn and others demised to Cook & Woodruff, for 21 years, at a yearly rent payable quarterly, a lot of ground with several buildings thereon, at the corner of Delancey and Suffolk streets, in the city of New-York.

In 1840, Horn, by survivorship, became the sole lessor, and entitled to the rent; and the complainant became the assignee of the lessees.

In August, 1842, a controversy arose between Coit and Horn, in reference to the amount of rent due and in arrear; the latter refusing to apply towards the principal of the rent due, the value of certain labor done for Horn by Cook (after he assigned the lease, but while he occupied a part of the premises,) which Coit claimed to have thus applied. On the 19th of August, 1842, Coit tendered to Horn $992 82, which he alleged was the balance of the rent in arrear, deducting the payments in labor. Horn declined to receive it, and on the 23d of August, issued a distress warrant for $1275, being the sum claimed by him, to the defendant Trenchard, a city marshal.

Coit had no property on the demised premises, which were occupied by twelve under-tenants. The marshal visited all the tenements in search of goods upon which to levy, and levied the distress warrant upon the goods of one of the sub-tenants.

Coit thereupon, on the 25th of August, 1842, filed his bill against Horn and Trenchard, paid into court the $992 82, and obtained a preliminary injunction against any farther proceeding upon the distress. He prayed for a perpetual injunction, and for general relief. The cause came to a hearing on the pleadings and proofs.

*G. N. Titus,* for the complainant.

*J. S. Lawrence* and *H. Nicoll,* for the defendant Horn.

THE ASSISTANT VICE-CHANCELLOR, (after examining the facts in the case, and deciding that the labor in question was applicable to the rent, and that the sum tendered by Coit was sufficient to pay all the rent in arrear, proceeded as follows:)

It remains to inquire whether the complainant had an adequate remedy at law. On the ground of quieting possession and preventing a multiplicity of suits, as well as avoiding very great, if not irreparable mischief, the complainant appears to be entitled to the interference of this court. Not being in actual possession, and no goods of his being found on the premises, he could neither maintain trespass or replevin. It is manifest that his tenants would sooner abandon the premises, than remain exposed to such invasions; and those whose goods were seized, or were liable to be taken, would be very reluctant to litigate a matter in which they had no direct interest. The remedy at law was environed with obstacles and difficulties, which the complainant was not bound to encounter.

In *Nutbrown* v. *Thornton,* (10 Ves. 159,) Lord Eldon sustained an injunction by a tenant in a case quite analogous to this.

In *Livingston* v. *Livingston,* (6 J. C. R. 497,) Chancellor

Kent allowed an injunction to restrain trespasses, where the right was clear, and the trespassers acting under the defendant's directions, were numerous.

And in *Vechte* v. *Brownell*, (8 Paige, 212,) the present Chancellor held, that where the defendant was proceeding to foreclose a mortgage under the statute, claiming more than was due, and the complainant had offered to pay all that was due ; a bill to stay the sale would be sustained, although the complainant could recover back at law, the proceeds of the sale, beyond the amount actually due.

The principle of these cases is applicable to the one now under consideration, and supports the jurisdiction of this court.

The complainant is entitled to a perpetual injunction against the distress warrant, and against any proceeding relative to the rent of the premises, accrued to the first day of August, 1842. The defendant Horn must pay the complainant's costs. He was doubtless a sufferer by his lenient course towards Cook, but in reference to the complainant, he was fully advised that he could not claim interest. The testimony of his son shows that he knew this before the first of August, when he sent to the complainant the statement of rent due. Yet afterwards, and on the last day that the parties were together, he insisted on the payment of interest on the arrears, as the only mode in which the difficulty between them could be settled. And within a few days from that time, he issued a distress warrant, not claiming interest, but claiming nearly $300 more than was due to him for the rent in arrear.

The fund in court will be paid to the defendant Horn, after deducting the taxed costs of the complainant.